IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  12-cv-02662-WYD

GMAC MORTGAGE, LLC,

      Plaintiff,

v.

MICHAEL ALAN STONEBERG; and
LORI ANN STONEBERG,

      Defendants.

---

### ORDER OF REMAND

---

On October 9, 2012, Defendants filed a Notice of Removal asserting that this

Court has jurisdiction over the foreclosure proceeding filed in state court under Colo.

R. Civ. P. 120 that was removed to this Court.  In support of the Notice, Defendants cite

28 U.S.C. §§ 1332, 1441, 1446, 1453 and Fed. R. Civ. P. 11.  Defendants also assert

that they intend to litigate the issue of the legality of the attempted foreclosure of their

home under the Fair Debt Collection Practices Act, and that the case involves a taking

of property without due process.  On October 10, 2012, Plaintiff GMAC Mortgage, LLC

["GMAC"] filed a Motion for Remand Pursuant to 28 U.S.C. § 1447, asserting that this

Court does not have subject matter jurisdiction over the case.

Turning to my analysis, either party may seek remand or the court may remand

*sua sponte* if the federal court lacks subject matter jurisdiction.  *American Fire & Cas*

*Co. v. Finn*, 341 U.S. 6 (1951).  The party invoking federal jurisdiction, here the

Defendants, bear the burden of proving that such jurisdiction exists.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001).  The removal statute is to be strictly construed against removal, and all doubts should be resolved in favor of remand. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1097 (10th Cir. 2005).

Even construing their filings liberally since they are proceeding pro se, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), I find that Defendants have not met their burden of establishing that this Court has subject matter jurisdiction over the case.  As noted in the Motion to Remand, the underlying action filed by GMAC is a proceeding for authorization of a foreclosure sale of Defendants' home under Rule 120 of the Colorado Rules of Civil Procedure.  Indeed, Defendants attached to the Notice of Removal the State Court's Notice of Hearing on Plaintiff's Verified Motion for Order Authorizing Sale, which hearing is set for October 15, 2012.  This Court does not have jurisdiction over state proceedings under Rule 120.  *See Bank of America: Nat'l Ass'n v. Sladek*, No. 11-cv-02842-BNB, 2011 WL 5459492, at *2 (D. Colo. Nov. 10, 2011); *Mut. of Omaha Bank v. McKee*, No. 11-cv-02936-REB-KLM, 2012 WL 1884231, at 2 (D. Colo. Jan. 23, 2012), *aff'd*, 2012 WL 1884189 (D. Colo. May 23, 2012); *PNC Bank N.A. v. Salas*, No. 12-cv-02580-BNB, 2012 WL 4511401, at *2 (D. Colo. Oct. 2, 2012).

Additionally, GMAC has shown in its Motion for Remand that the bases of federal jurisdiction relied on by Defendants are not present.  Diversity jurisdiction does not exist since Defendants are residents of Colorado and the action was brought in Colorado State Court.  28 U.S.C. § 1441(b).  There is also no support for removal based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.  A review of the Motion for

Order Authorizing Sale giving rise to the underlying Rule 120 proceeding reveals that the matters therein involve only state law matters regarding foreclosure.  Further, except for narrow circumstances that do not appear to be present in this action, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."  *See Topeka Hous. Auth. v. Johnson,* 404 F.3d 1245, 1247 (10th Cir. 2005).  Thus, any claims that Defendants may raise in the state court action or any counterclaims pursuant to the Constitution, law, or treaties of the United States are not removable.

Based on the foregoing, I find that this Court lacks subject matter jurisdiction over the case, and it must be remanded to the State Court from which it was removed.  28 U.S.C. § 1447(c).  Accordingly, the Motion to Remand is granted.  To the extent, however, that GMAC requested its fees and costs in the motion, that request is denied.

In conclusion, it is

ORDERED that GMAC Mortgage, LLC's Motion for Remand Pursuant to 28 U.S.C. § 1447 (ECF No. 5) is **GRANTED**.  The Clerk of Court shall **REMAND** this action to the District Court, County of Gunnison, State of Colorado, from which the case was removed.

Dated:  October 11, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge